UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN HUTNICK, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO.  1:18-CV-3801 |
| | ) |
| EXPRESS RIDE, INC. and JODEE MAY, | ) |
| | ) |
|       **Defendants.** | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Justin Hutnick ("Hutnick"), by counsel, brings this action against Defendants, Express Ride, Inc. ("Express") and Jodee May ("May", collectively "Defendants"), and shows as follows:

**OVERVIEW**

1. Defendants failed to pay Hutnick in accordance with the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage and hour requirements under Indiana state law.  Specifically, Defendants failed to: (1) pay Hutnick for all hours he worked, including regular hours and overtime hours in excess of 40 per workweek; and (2) pay Hutnick the applicable minimum wage for periods of time over the last two (2) years. Moreover, Express failed to pay Hutnick wages he earned as required by the Indiana Wage Payment and/or Wage Claim Statutes.  Finally, Express breached its contract with Hutnick and was unjustly enriched as a result of their failure to pay wages to Hutnick.  Defendants also unlawfully garnished Hutnick's wages.

## PARTIES

2. Hutnick is an individual who resides in Delaware County, Indiana. Defendants employed Hutnick within the meaning of the FLSA within the two-year period preceding the filing of this complaint. At all times hereinafter mentioned, Hutnick was an employee as defined by 29 U.S.C. § 203(e)(1).

3. Express is an Indiana domestic corporation located in Muncie, Indiana. Express is an "employer" within the meaning of 29 U.S.C. § 203(d).

4. May is an owner, member and/or officer of Express. In this capacity, May is involved in the day-to-day operations of Express. May has the authority to make decisions regarding wage and hour issues. At all relevant times, May had responsibility to act on behalf of, and in the interest of, Express in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Hutnick. As a result, May is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION

6. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Hutnick's Indiana state law claims pursuant to 28 U.S.C. §1367 as they arise from the same common nucleus of operative fact.

## VENUE

7. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

8. Defendants hired Hutnick on or about February 15, 2018.

9. Defendants have construed Hutnick to be an independent contractor. However, Hutnick is an employee as he is economically dependent on Defendants.

10. Defendants controlled the methods and means of Hutnick's employment. Hutnick's position as dispatcher was an integral part of Express' 'taxi' service.

11. Defendants paid Hutnick $5.20 per hour for some, but not all, of the hours he worked. Defendants would pay Hutnick in case with the amounts varying from time to time. Defendants did not provide Hutnick an accounting of his time or provide a record/pay stub for any amounts paid to him.

12. Hutnick's work schedule, generally, was Monday through Friday, 8 p.m. to 8 a.m. There were times that Hutnick would work more than seven (7) days in a row.

13. Defendants have not paid Hutnick wages for the last few months.

14. Defendants have failed to pay Hutnick any wages whatsoever, including a minimum or overtime wage during certain weeks over the course of the last two (2) years.

15. Defendants have unlawfully garnished Hutnick's wages without following the proper requirements of Indiana law.

16. Hutnick has been financially harmed as a result of Defendants' actions.

### COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. Hutnick hereby incorporates paragraphs one (1) through sixteen (16) of his complaint as if the same were stated herein.

18. During the relevant time period, Defendants failed to pay Hutnick minimum and overtime wages in violation of 29 U.S.C. §§ 206 and 207.

19. Hutnick has suffered harm as a result of Defendants' unlawful conduct.

20. Defendants' actions were intentional, willful, and in reckless disregard of Hutnick's rights as protected by 29 U.S.C. §§201 *et. seq*. and 215(a)(3).

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

21. Hutnick hereby incorporates paragraphs one (1) through twenty (20) of his complaint as if the same were stated herein.

22. During the relevant time period, Defendants violated the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay Hutnick his salary and commissions.

23. Hutnick has suffered harm as a result of Defendants' unlawful conduct.

## COUNT III: BREACH OF CONTRACT

24. Hutnick hereby incorporates paragraphs one (1) through twenty-three (23) of his complaint as if the same were stated herein.

25. Defendants breached their contract with Hutnick by failing to pay him wages and commissions due and owing and failing to make his car payments.

26. Hutnick has suffered injury as a result of Defendant's unlawful conduct.

## COUNT IV: UNJUST ENRICHMENT

27. Hutnick hereby incorporates paragraphs one (1) through twenty-six (26) of his complaint as if the same were stated herein.

28. Defendants were unjustly enriched when it retained for itself wages owed to Hutnick.

29. Hutnick has suffered injury as a result of Defendants' unlawful conduct.

## **COUNT IV: VIOLATIONS OF INDIANA'S WAGE GARNISHMENT LAWS**

30. Hutnick hereby incorporates paragraphs one (1) through twenty-nine (29) of his complaint as if the same were stated herein.

31. Defendants unlawfully withheld wages from Hutnick's pay without his written consent in violation of Indiana law.

32. Hutnick has suffered injury as a result of Defendants' unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Hutnick respectfully requests that the Court grant him the following relief:

a.  Find Defendants in violation of the FLSA and order them to pay Hutnick unpaid back wages and liquidated damages in an equal amount;

b.  Alternatively, find Express and May to be in violation of Indiana Code §§22-2-5 *et. seq.* and order it/her to pay Hutnick his unpaid back wages, plus mandatory statutory liquidated damages;

c.  Find Defendants to have breached its contract with Hutnick and order Express to pay Hutnick all amounts due and owing;

d.  Order Defendants to pay Hutnick all required statutory penalties under Indiana law;

3.  Order Defendant(s) to pay Hutnick's fees incurred as a result of bringing this action;

f.  Order Defendant(s) to pay Hutnick's costs incurred as a result of bringing this action;

g. An Order awarding Hutnick pre-judgment and post-judgment interest at the highest rates provided for by law; and

h. An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

/s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC
450 East 96th Street, Ste 500
Indianapolis, IN  46240
Tel: (317) 500-0700
Fax: (317) 732-1196
E-Mail:  indy2buck@hotmail.com

Attorney for Plaintiff