UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JUSTIN HUTNICK,                    )
                                   )
                Plaintiff,         )
                                   )
        v.                         )        No. 1:18-cv-03801-SEB-TAB
                                   )
EXPRESS RIDE INC., et al.          )
                                   )
                Defendants.        )

## ORDER ON PENDING MOTIONS

Plaintiff Justin Hutnick filed his complaint alleging that Defendants Express Ride, Inc. ("Express Ride") and Jodee May failed to pay him in accordance with the overtime and minimum wage requirements of the Fair Labor Standards Act ("FLSA"), and that Express Ride's failure to pay him also violated the wage and hour requirements under Indiana law.  Neither defendant filed an answer to the complaint or other responsive pleading nor defended this action in any way.  A Clerk's default was entered against Defendants on March 26, 2019 and Mr. Hutnick's motion for default judgment was granted on May 9, 2019.  He was ordered to file an affidavit detailing the damages he requests within twenty-one days.  After Mr. Hutnick sought relief from that order on the grounds that he needed discovery from Defendants in order to properly assess his damages, on June 20, 2019, the Court vacated the portion of the May 9 Order setting a deadline by which Mr. Hutnick was required to submit his damages evidence and permitted him 180 days within which to collect and assess his damages evidence and file his affidavit.

On December 16, 2019, Mr. Hutnick filed a Motion to Compel [Dkt. 17], informing the Court that Defendants have extended their non-responsiveness by failing to comply with his properly served discovery requests and requesting that the Court set this matter for a damages hearing for which Defendants would be ordered to appear and relinquish their disclosures to Plaintiff's properly served discovery requests. Six weeks later, on February 5, 2020, Mr. Hutnick filed a Motion for Attorney Fees and Costs [Dkt. 18] and Supplemental Motion for Default Judgment [Dkt. 19], attaching an affidavit detailing his damages request. Defendants have (not surprisingly) failed to respond to these motions. For the reasons detailed below, Mr. Hutnick's Motion for Fees and Costs and Supplemental Motion for Default Judgment are <u>GRANTED</u> and his Motion to Compel is <u>DENIED AS MOOT</u>. Mr. Hutnick is awarded damages, attorney fees, and costs in the amounts set forth below.

## Facts Established by the Complaint

The following facts are alleged in the Complaint and deemed true in light of the entry of default.

Mr. Hutnick was an employee of Defendant Express Ride, as defined by the FLSA, 29 U.S.C. § 203(d). Defendant Jodee May is an owner, member and/or officer of Express Ride who has the authority to make decisions regarding wage and hour issues. At all times relevant to this lawsuit, Defendant May was authorized to act on behalf of and in the interest of Express Ride in devising, directing, implementing, and supporting the wage and hour policies and practices affecting Mr. Hutnick. As such, Defendant May was also Plaintiff's "employer", as defined by the FLSA, 29 U.S.C. § 203(d).

Generally speaking, Plaintiff's weekly work schedule was Monday through Friday, 8 p.m. to 8 a.m., although there were times he would work more than seven days sequentially.  When he was paid, he received $5.20 per hour.  However, Defendants did not always pay him the amount of his earned wages, in fact, at times, they failed to pay him any wages whatsoever, including during the final few months of his employment; they also failed to pay him minimum and overtime wages, in violation of 29 U.S.C. §§ 206 and 207 and Indiana Code § 22-2-5 *et seq.*  Defendants did not provide Mr. Hutnick an accounting of his earnings/entitlements or a record or pay stub reflecting the amounts paid to him.

<u>**Discussion**</u>

**I.**      **Motion for Default Judgment**

An entry of default was docketed in this litigation against Defendants on March 26, 2019, and Mr. Hutnick's motion for default judgment was granted on May 9, 2019, but damages were not awarded because they were not ascertainable at that time. Therefore, the allegations in the complaint, taken as true, established liability, leaving to the Court the damages determination.  *See* Fed. R. Civ. P. 55(b).

Following entry of default, as we have previously noted, "the well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not."  *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established, and thus liability, the plaintiff must establish his entitlement to the relief he seeks."  *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry of default judgment, the court must

conduct an inquiry in an effort to ascertain the amount of damages with "reasonable certainty." *Id.* Because "damages must be proved unless they are liquidated or capable of calculation," *Wehrs*, 688 F.3d at 892, the court is required to hold a damage hearing unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007). Here, Mr. Hutnick's affidavit is sufficiently detailed to render a hearing unnecessary.

### A.    FLSA Damages

Where an employee alleges that his employer failed to maintain accurate payroll records, he carries the burden to establish his entitlement(s) under the FLSA,

> if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. At that point, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

*Melton v. Tippecanoe*, 838 F.3d 814, 818 (7th Cir. 2016) (citations omitted). Due to the failure of Defendants to maintain and produce accurate payroll records, the best available evidence of the hours Mr. Hutnick worked and the amount he was paid each week is set forth in Hutnick's own sworn affidavit.

Mr. Hutnick avers in his affidavit that he worked for Defendants for a total of 31 weeks from February 15, 2018 through September 20, 2018, at which point he resigned. Throughout that period, Mr. Hutnick typically worked Monday through Friday, 8:00 a.m. to 8:00 p.m., or 60 hours per week. Once a month, Mr. Hutnick worked Monday through

Sunday, from 8:00 a.m. to 8:00 p.m. each day, for a total of 84 hours.  Throughout

Plaintiff's employment, Defendants paid him in cash without providing receipts or pay

stubs.  Mr. Hutnick avers that, to the best of his knowledge, from February 15, 2018

through May 31, 2018, he was paid $50 at the end of every workday shift, for a total of

$4,150.  This amount reflects 11 weeks of 5-day workweeks at $250 ($50 x 5) per week,

for a total of $2,750 ($250 x 11), plus 4 weeks of 7-day workweeks at $350 ($50 x 7) per

week, for a total of $1,400 ($350 x 4).  From June 1, 2018 through the end of his

employment, Mr. Hutnick avers he was paid an additional $800.  Thus, in sum, Mr.

Hutnick avers that he was paid a total of $4,950 for the 31 weeks he worked for

Defendants.

      For the relevant time period, the minimum wage for forty hours per week was

$290 (40 hours x $7.25 per hour) and the overtime rate for hours over forty each week

was $10.88 per hour ($7.25 x 1.5).  Based on Mr. Hutnick's averments, he worked 60

hours per week (12 hours per day for five days) for twenty-four of the weeks he was

employed by Defendants.  During those weeks, he should have been paid $507.60 each

week ($290 for the first forty hours, plus $217.60 (20 x $10.88) for the overtime hours),

for a total of $12,182.40 ($507.60 x 24).  For the remaining seven weeks of his

employment, Mr. Hutnick worked 84 hours each week (12 hours per day for seven days),

for which he should have been paid $768.72 weekly ($290 for the first forty hours, plus

$478.72 (44 x $10.88) for the overtime hours), for a total of $5,381.04 ($768.72 x 7).

Thus, in total, Mr. Hutnick's calculations show that he should have been paid $17,563.44

($12,182.40 + $5,381.04) but received only $4,950.  Mr. Hutnick's FLSA damages for

unpaid minimum wage and unpaid overtime compute to $12,613.44 ($17,563.44 less $4,950).

In addition, the FLSA provides for an award of liquidated damages in an amount equal to the total unpaid wages.  29 U.S.C. § 216(b).  A court may choose not to award liquidated damages only when the employer proves it acted in good faith and with reasonable grounds to believe that its actions did not violate the FLSA.  *Id.*; 29 U.S.C. § 260.  By failing to respond to any of these allegations in this lawsuit, Defendants have also not made any such showing here; thus, Mr. Hutnick is entitled to receive from Defendants an award of liquidated damages.  *See Boyd v. Kim*, No. 1:12-cv-01547-TWP-DML, 2016 WL 776423, at *3 (S.D. Ind. Jan. 28, 2016), report and recommendation adopted, No. 1:12-cv-1547-TWP-DML, 2016 WL 772551 (S.D. Ind. Feb. 18, 2016) (awarding FLSA liquidated damages on default judgment).  This means that based on the FLSA's liquidated damages provision, Mr. Hutnick is entitled to an additional $12,613.44, effectively doubling his damages.  *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999) ("Doubling is the norm, not the exception.").  Accordingly, we hold that Defendants are jointly and severally liable to Mr. Hutnick in the total amount of $25,226.88 based on his FLSA claim.

### B.    Indiana Wage Payment Statute Damages

Mr. Hutnick has also claimed that Express Ride failed to pay him all the wages and overtime he was due under state law.  The Indiana Wage Payment Statute entitles plaintiffs to recover all wages they were owed but their employer failed to pay.  IND. CODE § 22-2-5-2.  However, "under Indiana law, overtime claims cannot be raised under

the Wage Payment Statute; the exclusive remedy is the FLSA." *Edmonds v. Feralloy Midwest Corp.*, 2009 WL 1605156, at *7 (N.D. Ind. June 3, 2009) (citing *Parker v. Schilli Transp.*, 686 N.E.2d 845, 850–51 (Ind. Ct. App. 1997) ("In Indiana, claims for overtime compensation cannot be raised under the Wage Law …."); *see also Weil v. Metal Techs., Inc.*, 305 F. Supp. 3d 948, 960 (S.D. Ind. 2018) ("The [Indiana Wage Payment Statute] applies to claims for 'straight-time' [regular] wages.") (rev'd on other grounds by 925 F.3d 352 (7th Cir. 2019)).  Accordingly, Mr. Hutnick is entitled to recover under the Indiana Wage Payment Statute only for Express Ride's failure to pay him regular wages, which, in this case, amounts to a total of $4,040 ($8,990 ($270 x 31) less $4,950).

However, in addition to unpaid wages, a plaintiff is also entitled to liquidated damages in the amount of two times the amount of wages due, if the employer failed to act in good faith.  IND. CODE § 22-2-5-2.  By failing to respond to Mr. Hutnick's allegation that it acted in bad faith, Express Ride has admitted that it did not have a good faith basis for failing to pay him, thereby entitling him to an additional $8,080 in damages.  *See Poff v. Quick Pick, LLC*, No. 2:15-cv-405-LJM-MJD, 2017 WL 1509313, at *2 (S.D. Ind. Apr. 27, 2017) (awarding liquidated damages under the Indiana Wage Payment Statute in default judgment).  Altogether, then, Mr. Hutnick is entitled to an award of $12,120 based on his claim under the Indiana Wage Payment Statute.

Mr. Hutnick concedes that he seeks relief under the Indiana Wage Payment Statute and the FLSA for the same underlying wrong and recognizes that he cannot recover twice for one injury.  *See Murphy v. Smith*, 864 F.3d 583, 587 n.1 (7th Cir. 2017) ("[P]laintiff

may not win a double recovery for the same injury, even if multiple theories support [the] damages award.").  As we have previously determined, Mr. Hutnick's total recovery under the FLSA in unpaid wages and overtime and liquidated damages is $25,226.88; in contrast, his total recovery under the Indiana Wage Payment Statute is $12,120.  To avoid a prohibited double recovery, the Court finds that Mr. Hutnick is entitled to receive the greater of these two amounts, but not both.

## II.     Motion for Fees and Costs

Pursuant to 29 U.S.C. § 216(b), as the prevailing party in this action, Mr. Hutnick is entitled to an award to cover his reasonable attorneys' fees and costs in bringing his FLSA claim.  Mr. Hutnick represents in his affidavit that he has incurred $4,126.50 in attorney fees and costs attributable to his FLSA and Indiana Wage Payment Statute Claims.  This amount reflects a 10% reduction in the total fees and costs expended based on Mr. Hutnick's voluntary relinquishment of his breach of contract, unjust enrichment, and unlawful garnishment claims.  We regard this request to be adequately documented and reasonable, both in the hourly rate of $350.00 and as to the number of attorney hours expended.  The Court also finds Mr. Hutnick's deduction of 10% of the total fees and costs to account for the abandoned claims to be fair and reasonable.  Finally, the Court agrees with counsel's representation that the FLSA and Indiana Wage Payment Statute claims in this case are virtually indivisible.  Thus, Defendants are jointly and severally liable to Mr. Hutnick in the amount of $4,126.50 as reimbursed attorney fees and costs.

### III.    Interest

Mr. Hutnick is entitled to an additional recovery for post-judgment interest on his FLSA claim at a rate of 8% per year.  28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court. … such interest shall be calculated from the date of the entry of judgment, at the rate allowed by State law."); IND. CODE § 24-4.6-1-101; IND. CODE § 24-4.6-1-102 (setting post-judgment interest rate at 8%).  However, Mr. Hutnick's entitlement to liquidated damages under the FLSA forecloses a recovery for prejudgment interest under that statute.  *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 406 (7th Cir. 1999) ("Following the rule adopted by the majority of circuits, we hold that the FLSA does not permit successful plaintiffs to obtain prejudgment interest in addition to liquidated damages because that would enable them to obtain double recovery.") (quotation marks and citations omitted).

### IV.    Conclusion

For the reasons set forth above, Mr. Hutnick's Motion for Fees and Costs [Dkt. 18] and Supplemental Motion for Default Judgment [Dkt. 19] are <u>GRANTED</u> and his Motion to Compel [Dkt. 17] is <u>DENIED AS MOOT</u>.  Judgment will enter in favor of Mr. Hutnick and against Defendants Express Ride, Inc. and Jodee May, jointly and severally, in the amount of $25,226.88 on his FLSA claim, which reflects $12,613.44 in unpaid wages and overtime plus $12,613.44 in liquidated damages.  Mr. Hutnick shall be awarded post-judgment interest on his FLSA claim.  In addition, the judgment will include an award of attorney

fees and costs in the amount of $4,126.50.  Defendants shall be jointly and severally

liable for all these amounts.

        IT IS SO ORDERED.

Date: _____5/5/2020_____

                           SARAH EVANS BARKER, JUDGE
                           United States District Court
                           Southern District of Indiana

Distribution:

Christopher S. Wolcott
WOLCOTT LAW FIRM LLC
indy2buck@hotmail.com